315 So.2d 863 (1975)
Dolores Locke MICHEL, Plaintiff-Appellee-Appellant,
v.
WASHINGTON NATIONAL INSURANCE COMPANY, Defendant-Appellant-Appellee.
No. 5073.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
*864 Laborde & Lafargue by C. E. Laborde, Jr., Marksville, for defendant-appellant.
Donald R. Wilson, Marksville, for plaintiff-appellee.
Before FRUGÉ, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Defendant Washington National Life Insurance Company appeals the judgment awarding plaintiff Mrs. Dolores Locke Michel $20,000 as proceeds of the School Board's group life insurance policy on the life of her deceased husband. She answered the appeal seeking penalties (which were originally awarded by the trial court, and then deleted on rehearing). We affirm the award and amend to add penalties.
Washington National contends decedent Arnold P. Michel was not insured as a full-time employee under terms of the Avoyelles Parish School Board group policy. Instead it contends he was a retired School Board employee, and was therefore entitled to only the $6000 death benefit provided for retired employees. After Michel's death Washington National attempted to refund the excess premium it had collected for the $20,000 coverage.
Arnold Michel died February 8, 1974 while employed by both the Avoyelles Parish Sheriff's Department and the Avoyelles Parish School Board. For his services as a juvenile officer, the Sheriff's Department paid him a monthly salary of $600 from funds made available by the *865 Kisatchie-Delta Regional Office. The grant was made to both offices conditioned on the Sheriff's Department and School Board matching these funds with "in kind" payments. As "in kind" payments the Sheriff's Department furnished an automobile equipped with two-way radio and provided uniforms. The School Board paid $50 per month (most of which was withheld to pay Michel's premiums to Washington National for hospital and death benefits) and furnished office space, equipment, supplies, and secretarial services.
Prior to July 1, 1972, Michel had been employed by the School Board for more than thirty years. The last few years of this employment was as a Media and Resource Specialist in the School Board's administration offices. His monthly salary was $1,136.11. During off hours Michel was employed by the Sheriff's Department as a night deputy, radio operator, instructor in junior deputies, and handled the Sheriff's recreation programs. His salary for these services was not established in the record.
Effective July 1, 1972, Michel retired from the School Board, and was certified as eligible for retirement benefits from the Louisiana Teacher's Retirement System. When the School Board retired Michel, they reemployed him by adopting this resolution:
Be it further resolved that Mr. Michel's services be retained by the Board at a salary of $50.00 per month and office housing, to assist in the Adjusted Curriculum Program, Drug Abuse Program and other miscellaneous duties to be assigned to him by the Superintendent.
From July 1, 1972 until his death, Michel worked for both departments under supervision of the Sheriff and the School Board Superintendent. Each week he worked in excess of thirty hours for each office.
The trial court's written reasons for judgment detailed Michel's excellent qualifications for this dual employment. The record supports his finding that Michel's work on behalf of the School Board was substantial and could well qualify for "full-time" employment as that term is used in Washington National's policy.
Under these arrangements, Michel received $508 was monthly retirement benefits, $600 per month salary (paid by the Sheriff's office by virtue of the Kisatchie-Delta Regional Office's grant to both the School Board and Sheriff's office), a car and uniforms furnished by the Sheriff's office, and office space, equipment, supplies, and secretarial services furnished by the School Board.
Both offices had group life and hospitalization policies with Washington National. The $15,000 death benefit called for by the Sheriffs Department's policy was paid.
The trial court held that Michel was covered under the School Board group policy as a "full-time" employee because he met the 20 hours a week policy requirement. The School Board policy defined "employee" to mean a "full-time employee working at least 20 hours a week for the employer . . . ." Furthermore, there was no provision preventing "retired" employees from employment by the School Board. Since policy provisions are read against the company which prepared them, the trial court awarded the coverage for which Michel paid. We find no manifest error in the trial court's conclusion.
The thrust of Washington National's defense is that the Louisiana Teacher's Retirement System should not be subjected to claims for retirement pay from one who is still employed by the School Board. This case was properly decided on the basis of Washington National's policy provisions and there is nothing therein contained *866 to suggest the School Board improperly withheld (from Michel's pay, the premiums) and paid Washington National the premiums on the $20,000 coverage. The record suggests Washington National was furnished the pay records detailing Michel's $50 monthly salary and his $45 monthly premium. Additionally, Washington National audited the School Board's records at least once each year. Washington National made no effort to establish that it did not knowingly choose to cover Michel for the $20,000 death benefit under the School Board policy.
The trial court's judgment awarding that benefit is well supported by the record.
Under LSA-R.S. 22:656, the insurer must pay death claims within sixty days of receipt of due proof of death. Should it fail to do so without just cause, the amount due shall bear interest at the rate of six per cent per annum from date of receipt of due proof of death by the insurer until paid.
Washington National rejected this claim without just cause, and is subject to the prescribed penalty. Brasher v. Life Insurance Company of Louisiana, 306 So.2d 321 (La.App. 3 Cir. 1975).
The trial court judgment is amended and recast to read as follows: It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Mrs. Dolores Locke Michel, and against defendant, Washington National Insurance Company, for the full sum of $20,000, plus a penalty of 6% per annum from March 1, 1974, the date of receipt of proof of death, until paid, and plus legal interest from June 6, 1974, the date of judicial demand until paid. Costs at trial and on appeal are assessed to defendant.
Affirmed, as amended.